

**ORDERED in the Southern District of Florida on November 3, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re | Chapter 11 |
| ALL AMERICAN SEMICONDUCTOR, INC., *et al.*, | Jointly Administered under Case No. 07-12963-BKC-LMI |
| Debtors. | |
| AASI CREDITOR LIQUIDATING TRUST, By and Through Kenneth A. Welt, Liquidating Trustee, pursuant to the confirmed Third Amended Plan of Liquidation of The Official Committee of Unsecured Creditors, | |
| Plaintiff, | |
| vs. | Adv. No. 09-01443-BKC-LMI-A |
| SAMSUNG SEMICONDUCTOR, INC., | |
| Defendant. _____/ | |

**MEMORANDUM DECISION DENYING MOTION TO AMEND COMPLAINT**

THIS CAUSE came before the Court for hearing on September 27, 2011 upon Plaintiff's Motion for Leave to File Amended Exhibit "A" to Amended Complaint [DE 119], Defendant's Response in Opposition to Plaintiff's Motion [DE 133], and Plaintiff's Reply to Defendant's Opposition thereto [DE 137]. The Court, having reviewed the record and having heard arguments of counsel, and for the reasons set forth more fully herein, denies the Motion for Leave to Amend.

As noted by the respective parties, the material facts relevant to the instant issue are undisputed. Plaintiff commenced an action under 11 U.S.C. §547(b) by filing a Complaint about 2-½ years ago, on April 23, 2009. An Amended Complaint was filed on July 13, 2009 (the "Complaint"). The Amended Complaint seeks to avoid 11 payments made by check from the Debtor to Defendant as preferential transfers. The Plaintiff now seeks to amend the Complaint to add an exhibit which includes multiple returns of inventory as alleged preferential transfers. Plaintiff's inclusion of the alleged returns of inventory as preferences alters the type and increases the amount of alleged preferential transfers against Defendant from $5,027,685 to $5,715,888, or an additional $782,749.

The issue presented to the Court is whether the amended claims relate back to the Complaint of record or not. If the amended claims do not "relate back", they are barred due to the expiration of the statute of limitations, which expired in this case on or about April 27, 2009 pursuant to Section 546(a) of the Code.

Rule 15(c) of the Federal Rules of Civil Procedure, made applicable to these proceedings by virtue of by Rule 7015(c) of the Federal Rules of Bankruptcy Procedure, governs the relation back of amendments. In this context, the doctrine, if applicable, allows an amended complaint to

relate back to the date the plaintiff filed the original complaint, so that the amendment will not be barred by the applicable statute of limitations. FED. R. BANKR. P. 7015(c) (2010). "Preference claims concerning an additional transaction do not relate back if the transaction is different in kind from that originally alleged and if the original pleading did not put into issue conduct to which the additional transactions relate.... Similar conduct with respect to a separate transaction is not expressly included [within Rule 15(c)]." *Metzeler v. Bouchard Transp. Co., Inc.* (*In re Metzeler*), 66 B.R. 977, 983-4 (Bankr. S.D.N.Y.1986).

The dispositive query in determining if a claim relates back is whether the amended claims would be presented by the Plaintiff's case in chief under 11 U.S.C. §547(b) based on the initial Complaint. Fed.R.Civ.P. 7015(c). *Birdsell v. U.S. West Newvector Group, Inc.* (*In re Cellular Express of Ariz., Inc.)*, 275 B.R. 357, 362 (Bankr. D.Ariz. 2002) ("the court [will] compare the original complaint to the amended complaint and decide whether the claim to be added will likely be proved by the same kind of evidence offered in support of the original pleading."), *Golden v. Guardian* (*In re Lenox Healthcare, Inc.*), 343 B.R. 96, 106 (Bankr. D.Del. 2006) ("[t]he Original complaint did not set forth any specific facts which could have encompassed the Additional Transfers; rather, it simply listed the dates and amounts of three payments and the elements of section 547 . . . ."); *Loan v. O & G Indust., Inc.*, 179 B.R. 390, 395 (Bankr. D.Conn. 1995) (when amended pleading does not rely upon the facts and transactions originally pled, but rather is based on new facts and different transactions, the proposed amendment will not relate back to the original pleading"); *Creditors' Comm. of Gaslight Club, Inc. v. Fredericks* (*In re Gaslight Club, Inc.*), 167 B.R. 507, 517-18 (Bankr. N.D.Ill. 1994) ("a party cannot use relation back to bootstrap time barred claims onto viable actions where the claims are not based on the same factual allegations").

In this case, the above query is answered in the negative. Plaintiff's case in chief to avoid 11 payments by check will not involve alleged returns of inventory. In fact, the Court notes that no returns of inventory were alleged in the Complaint of record, nor are any returns a component of the elements to be proven by the Plaintiff based upon the Complaint. Consequently, the alleged returns of inventory do not relate back to the Complaint.[1]/

There are also significant considerations, such as prejudice and delay, which weigh heavily against granting Plaintiff the relief requested in its Motion for Leave to Amend. Indeed, almost two and a half years have passed since Plaintiff filed the initial Complaint in this case. As alleged by Defendant, during this period, the parties have engaged in significant motion practice, exchanged voluminous documents related to complex discovery issues, obtained production from numerous third parties, scheduled and took four depositions of current or former employees of Samsung -- three of which occurred in California, retained experts who have analyzed and prepared substantive reports at great expense, exchanged reports for settlement purposes -- the preparation of which required the parties to analyze the relevant transaction history, participated in formal mediation before the Honorable John Olson where both parties, including Samsung's California co-counsel and California representative, and their respective experts attended in person, and filed extensive briefs in support of their respective motions for partial summary judgment. To open discovery further to address amended claims at this stage of the proceedings would surely cause delay and prejudice.

---

[1]/ Any suggestion by Plaintiff that a vague complaint would have resulted in granting the amendment is misguided. In *Gordon v. Slaughter* (*In re Slaughter Company & Assocs., Inc.*), 242 B.R. 97 (Bankr. N.D.Ga. 1999), the court specifically rejected the trustee's argument that "the vaguer the allegations in the complaint, the more likely it is that claims may be added after expiration of the statute of limitations." *Id.* The court noted that to accept this argument would "contradict [the] substantive due process" rights of a defendant as well as the policy considerations behind Section 546(a) – that a defendant should be able to take solace in the fact that once a statute of limitations expires, no additional claims are generally permissible. *Id.* To permit a plaintiff "to use the relation-back doctrine to bootstrap new transactions onto a viable action is an abuse of due process which cannot be allowed, even to maximize recovery to the estate." *Id.*

The Plaintiff asserts the amendment would cause no prejudice as the claims were already known to exist because the Plaintiff's Proof of Claim dated June 25, 2007 (the "Proof of Claim") attached a spreadsheet reflecting twenty-nine (29) instances of returns made during the preference period. [DE 137 at p. 3, ¶5]. However, the Court is not impressed by this argument. The fact that Plaintiff had this information since 2007 but did not move to include it in the Complaint until more than 2 years later is too prejudicial to Defendant to allow amendment at this juncture. This conclusion is supported by the Court's Order [DE 1314] entered on April 24, 2009 which specifically stated that "no extension of any kind is granted relative to any claims involving the [Defendant]". Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend Complaint is **DENIED**.

# # #

Submitted by:
Alan J. Perlman
Florida Bar No. 826006
Roetzel & Andress
350 East Las Olas Blvd., Suite 1150
Tel:  (954) 462-4150
Fax:  (954) 462-4260
*Attorneys for Defendant*
*Samsung Semiconductor, Inc.*

Copies furnished to:
Alan J. Perlman, Esq.

(*Attorney Perlman shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service*)